UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Craig Donald Roy
and Lucille Weigel-Roy,

Bankruptcy No. 03-30338
Chapter 7

Debtors.
_____/

Craig Donald Roy
and Lucille Weigel-Roy,

Plaintiffs,

vs.

Adversary No. 04-7010

Regional Child Support Enforcement
Unit a/k/a North Dakota Child Support
Enforcement Agency,

Defendant.
_____/

**MEMORANDUM AND ORDER**

By Complaint filed February 9, 2004, Plaintiffs/Debtors Craig Donald Roy and Lucille Weigel-Roy initiated this adversary proceeding seeking a determination that a debt owing to Defendant Regional Child Support Enforcement Unit (RCSEU) is an exception to nondischargeability pursuant to 11 U.S.C. § 523(a)(5)(A) and is therefore dischargeable. The Debtors further seek: a permanent injunction against RCSEU from additional attempts to collect the debt; the return of amounts collected by RCSEU through the interception of federal tax refunds due the Debtors; and an award of attorneys fees and costs pursuant to 11 U.S.C. § 362(h).



By Answer filed March 1, 2004, RCSEU denies the allegations and counterclaims for attorneys fees and costs.

The parties filed a Joint Stipulation of Uncontested Facts on May 20, 2004, and the matter was tried before the Court on May 26, 2004. The following constitutes the Court's findings of fact and conclusions of law:

## I. FINDINGS OF FACT

Lyn G. Roy and Craig Donald Roy were divorced in August 1992. Pursuant to the judgment entered in the divorce, the parties were awarded joint legal custody of the minor children with Craig Roy having physical custody.

An amended judgment entered April 11, 1996, transferred custody to Lyn Roy and provided, "The parties agree that whatever support is established through the child support enforcement action or by the court through child support enforcement shall be the support to be paid from Craig to Lyn even when the assignment is no longer effective."

On May 1, 1997, a state court entered its findings of fact, conclusions of law and order for judgment in the case brought by RCSEU against Craig Roy. The court found that Lyn Roy qualified for and received public assistance benefits under the Aid to Families with Dependent Children ("AFDC") program beginning in September 1994. It also found that Lyn Roy assigned all the accrued and pending support rights from Craig Roy for the support of their minor children to the North Dakota Department of Human Services and to the Burleigh and Morton County Social Service Boards. The total amount of AFDC benefits paid to Lyn Roy from September 1994 to February 1997 was $13,636.00. Craig Roy was not ordered to pay child support in 1994 and 1995. However, because North Dakota law provides that the amount of any payment of

2

AO 72A
(Rev.8/82)

public assistance to or for the benefit of a dependent child creates a presumption that the amount paid out is the reasonable value of the care and support provided, the court concluded Craig Roy is liable for all the AFDC benefits paid to Lyn Roy for the years 1994 and 1995. A judgment was entered May 2, 1997, ordering Craig Roy to make child support payments to Lyn Roy through the clerk of court in the amount of $328.00 per month. The court further ordered reimbursement by Craig Roy to the Burleigh and Morton County Social Service Boards for support extended on behalf of the minor children in the total amount of $13,758.00, which constitutes an existing child support arrearage. Craig Roy was required to pay an additional $50.00 per month to be applied to the child support arrearage.

Although the state court ordered reimbursement in the total amount of $13,758.00, the amount sought by the State from Debtor Craig Roy is $10,540.00, the amount of AFDC benefits paid by the State.

On February 27, 2003, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code.

## II. CONCLUSIONS OF LAW

The issue in this case is whether the debt sought by the RCSEU in the amount of $10,540.00 based on AFDC benefits Lyn Roy received from the State of North Dakota is dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5)(A).

Section 523(a) enumerates the types of debt that are excepted from the debtor's general discharge under section 727(a). The statutory exceptions to discharge in bankruptcy are narrowly construed to effectuate the fresh start policy of the Bankruptcy Code. Owens v. Miller (In re Miller), 276 F.3d 424 (8th Cir. 2002). Accordingly, a creditor opposing discharge of a debt must

3

AO 72A
(Rev.8/82)

prove the debt falls within an exception to discharge. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). The standard of proof for exceptions to discharge under 11 U.S.C. § 523(a) is the preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

Section 523(a) renders debts nondischargeable that are owed:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State)[.]

11 U.S.C. § 523(a).

Section 408(a)(3) of the Social Security Act is codified at 42 U.S.C. § 608(a)(3) and provides in relevant part:

> (A) In general
>
> A State to which a grant is made under section 603 of this title shall require, as a condition of providing assistance to a family under the State program funded under this part, that a member of the family assign to the State any rights the family member may have (on behalf of the family member or of any other person for whom the family member has applied for or is receiving such assistance) to support from any other person, not exceeding the total amount of assistance so provided to the family, which accrue (or have accrued) before the date the family ceases to receive assistance under the program[.]

42 U.S.C. § 608(a)(3).

The Debtors rely on Dekalb County Div. of Family & Children Serv. v. Platter (In re Platter), 140 F.3d 676 (7th Cir. 1998) for support. Although the debt in Platter was deemed dischargeable, the factual distinctions between Platter and the instant case are significant. Platter

4

involved a debt owed to the county for support of the debtor's delinquent minor son. There was no divorce or support decree and no assignment of a support obligation to the state. The Debtors borrow generously, if somewhat disingenuously, from the decision in Platter, but omit the following discussion:

> In 1984, Congress amended § 523(a)(5) in response to a split in authority regarding whether support debts assigned by a debtor's family member to a government entity were dischargeable. The amendment specifically provided that such debts were nondischargeable.
>
> This amendment, however, did not enlarge § 523(a)(5) sufficiently to encompass every debt owed to a governmental entity for support of a "spouse, former spouse, or child." The amendment only addressed debts determined by a court to be owed to a spouse or child of the debtor which a family member of the debtor then assigned to a governmental agency.

Platter, 140 F.3d at 681.

The Court finds Bullock v. State of Mo. (In re Bullock), 199 B.R. 54 (Bankr. W.D. Mo. 1996), is more apposite. In Bullock, the bankruptcy court rejected the debtor's contention that child support arrearages assigned by the children's mother to the State of Missouri under the AFDC program were dischargeable in bankruptcy. In Bullock, the debtor had been ordered by the state court to pay child support in the amount of $261 per month. The debtor failed to do so and when the children's mother received benefits under the AFDC program, child support arrearages in the amount of $16,842.40 were assigned to the State of Missouri in accordance with Missouri law. The bankruptcy court found that the arrearage debt was clearly for child support, the debt was assigned to a state governmental unit and under 11 U.S.C. § 523(a)(5)(A), the debt was nondischargeable.

5

Section 523(a)(5)(A) explicitly excludes from the exception to discharge voluntary or statutory assignments to entities other than children, spouses and former spouses. County of Oakland v. Fralick, 215 B.R. 132, 134 (W.D. Mich. 1997). This limitation to the exception to discharge is itself limited by language which makes clear that an assignment of a debt pursuant to section 408(a)(3) of the Social Security Act—which refers to a voluntary assignment of support as part of the AFDC program—and other similar assignment of debts to governmental entities are treated like support owed to a child, spouse or former spouse. Id. In other words, under section 523(a)(5)(A), if a debt for child support was assigned to a governmental unit it cannot be discharged in bankruptcy. Saafir v. Kan. Dep't of Soc. Serv. (In re Saafir), 192 B.R. 964, 967 (Bankr. D. Neb. 1996); Donelson v. State of Mo Dep't of Soc. Serv. (In re Donelson), 153 B.R. 995, 996 (Bankr. W.D. Mo. 1993).

In the instant case, the state court entered a judgment prior to the Debtors' bankruptcy granting judgment in favor of the Burleigh and Morton County Social Service Boards against Debtor Craig Roy in the amount of $13,758.00 for the amount of AFDC benefits paid to Lyn Roy beginning in September 1994. The Court finds that the AFDC benefits paid to Lyn Roy were for child support and that Lyn Roy assigned her right to receive child support from Debtor Craig Roy to a governmental unit as a condition of receiving benefits under the AFDC program. Accordingly, all the elements for nondischargeability under 11 U.S.C. § 523(a)(5)(A) have been satisfied and the debt is nondischargeable.[1]

---

[1] The Court notes without deciding that the obligation may also be nondischargeable under 11 U.S.C. § 523(a)(18). See Pitts v. State of Mo. (In re Pitts), 262 B.R. 482 (Bankr. W.D. Mo. 2001); Perry v. Division of Child Support Enforcement Dep't of Soc. Serv. Commonwealth of Va. (In re Perry), 254 B.R. 675 (Bankr. E.D. Va. 2000);

6

Based on the foregoing, the debt owing to Defendant Regional Child Support Enforcement Unit in the amount of $10,540.00 is nondischargeable under 11 U.S.C. § 523(a)(5)(A) and the Complaint of Plaintiff/Debtors Craig Donald Roy and Lucille Weigel-Roy is in all things DISMISSED. The counterclaim of Defendant Regional Child Support Enforcement Unit is likewise DISMISSED.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this 2nd day of July, 2004.

WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT

Notice of Entry
Under F.R.B.P. 9022 (a)
FILED

JUL 0 2 2004

Clerk
U.S. Bankruptcy Court
District of North Dakota

7

AO 72A
(Rev.8/82)